**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001360**
**27-JAN-2016**
**08:24 AM**

NO. CAAP-14-0001360

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-NC2,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
KENDRA ROSE BROOKS, CLORINDA KUULEIALOHA
IWILIIAMEKAMAILE LAULII KALENA KAIA BASUG,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
and GOVERNMENTAL UNITS 1-10, Defendants

---

KENDRA ROSE BROOKS, CLORINDA KUULEIALOHA
IWILIIAMEKAMAILE LAULII KALENA KAIA BASUG,
JOHN DOES 1-10, JANE DOES 1-10, DOE ENTITIES 1-10,
and GOVERNMENTAL UNITS 1-10,
Counterclaimants/Appellants,
v.
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-NC2,
Counterclaim-Defendant/Appellee,
and
AMERICA'S SERVICING COMPANY, NANCY SOTELO,
WILLIAM N. STUTZMANN, and DOES 1-50,
Additional Counterclaim-Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1577)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendants/Counterclaim-Plaintiffs/Appellants Kendra Rose Brooks and Clorinda Kuuleialoha Iwiliiamekamaile Laulii Kalena Kaia Basug (together, **Appellants**) appeal from the "Order Denying [Appellants'] Rule 60(b) Motion for Relief from Judgment; For Evidentiary Hearing; For Leave to File Responsive Pleading; and For Stay Pending Hearing on Rule 60(b) Motion, Filed on July 14, 2012" (**Order Denying Rule 60(b) Motion**) entered on November 13, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellants contend the circuit court: (1) "abused its discretion when it effectively held that [Plaintiff/Counterclaim-Defendant/Appellee U.S. Bank National Association, as Trustee for Mortgage Pass-Through Certificates, Series 2006-NC2 (**U.S. Bank**)] did not need to prove standing as the real party in interest and that it could, therefore, judicially foreclose on the subject property" and (2) "incorrectly denied [Appellants'] Motion for Relief from Judgment." (Emphasis omitted.)

## I.  BACKGROUND

U.S. Bank filed a complaint in circuit court on August 24, 2007 (**Complaint**) alleging that Appellants defaulted on their mortgage and seeking foreclosure of Appellants' property. Appellants filed their answer to the Complaint as well as counterclaims against U.S. Bank on November 13, 2007.

On November 5, 2013, U.S. Bank filed a motion for summary judgment "on all claims" (**Motion for Summary Judgment**). Appellants did not object to this motion. On March 12, 2014, the circuit court entered its "Findings of Fact, Conclusions of Law, and Order Granting [U.S. Bank's] Motion for Summary Judgment on All Claims, Filed November 5, 2013, and Interlocutory Decree of Foreclosure." On March 28, 2013, the circuit court entered its amended order granting summary judgment for U.S. Bank. The circuit court entered a judgment and decree of foreclosure (**Judgment**) on May 6, 2014. No appeal was taken from the Judgment.

---

[1] The Honorable Jeannette H. Castagnetti presided.

2

On July 14, 2014, Appellants filed "[Appellants'] Rule 60(b) Motion for Relief From Judgment; For Evidentiary Hearing; For Leave to File Responsive Pleading; and For Stay Pending Hearing on Rule 60(b) Motion" (**Rule 60(b) Motion**). On November 13, 2014, the circuit court entered the Order Denying Rule 60(b) Motion. Appellants filed their notice of appeal from the circuit court's denial of their Rule 60(b) Motion on December 11, 2014.

## II. STANDARD OF REVIEW

**Motion for Relief from Judgment**

An order denying a motion for relief from a judgment made pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b) is reviewed on appeal under the abuse of discretion standard. Hawai'i Hous. Auth. v. Uyehara, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994). "[T]o constitute an abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26-27 (1992) (citing State v. Akina, 73 Haw. 75, 78, 828 P.2d 269, 271 (1992)).

## III. DISCUSSION

On appeal, Appellants[2] attempt to challenge the circuit court's grant of U.S. Bank's Motion for Summary Judgment. However, Appellants did not appeal from the May 6, 2014 Judgment and instead appealed from the circuit court's Order Denying Rule 60(b) Motion.

HRCP Rule 60(b) allows a court to relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

---

[2] We note at the outset that Appellants' opening brief does not conform to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), which requires a section containing a "concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Appellants failed to comply with subsections (ii) and (iii) of Rule 28 in their opening brief. Appellants' counsel is warned that future failure to comply with HRAP Rule 28 may result in sanctions.

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"An order denying a motion for post-judgment relief under HRCP 60(b) is an appealable final order under [Hawaii Revised Statutes (HRS)] § 641-1(a)[3] [(2015 Supp.)]." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citing First Trust Co. of Hilo v. Reinhardt, 3 Haw. App. 589, 592, 655 P.2d 891, 893 (1982)) (dismissing the appellants' points on appeal as waived for failure to "argue or explain how any of the provisions of HRCP Rule 60(b) . . . are implicated").

Appellants do not argue at any point in their opening brief that the circuit court should have granted their Rule 60(b) Motion based on any of the reasons enumerated above. Appellants argue only that the circuit court erred in holding that there were no genuine issues of material fact, an argument appropriate if Appellants were appealing the circuit court's grant of U.S. Bank's Motion for Summary Judgment. Because Appellants make no argument regarding the circuit court's denial of their Rule 60(b) Motion, Appellants waive this point on appeal. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."); see also Ditto, 103 Hawai'i at 161-62, 80 P.3d at 982-83.

Furthermore, this court does not have jurisdiction over Appellants' attempted appeal of the circuit court's grant of U.S. Bank's Motion for Summary Judgment. The circuit court entered Judgment granting U.S. Bank's Motion for Summary Judgment on May 6, 2014. Appellants filed their notice of appeal on December 11, 2014. Even if Appellants had included the circuit court's Judgment granting U.S. Bank's Motion for Summary Judgment in their notice of appeal, the appeal would not have been timely. See HRAP Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of

---

[3] HRS § 641-1(a) allows appeals "in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602."

the judgment or appealable order."). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); <u>see</u> HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

## IV.   CONCLUSION

Therefore, the "Order Denying Defendants and Counterclaimants Kendra Brooks and Clorinda Basug's Rule 60(b) Motion for Relief from Judgment; For Evidentiary Hearing; For Leave to File Responsive Pleading; and For Stay Pending Hearing on Rule 60(b) Motion, Filed on July 14, 2012" entered on November 13, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, January 27, 2016.

On the briefs:

Melodie Aduja
(Aduja & Aduja)
for Defendants/Counterclaim-
Plaintiffs/Appellants.

Randall C. Whattoff
Andrew K. Recktenwald
(Goodsill Anderson Quinn &
Stifel)
for Plaintiff/Counterclaim-
Defendant/Appellee.

Presiding Judge

Associate Judge

Associate Judge